Parker, C. J.
The piauper’s settlement is in Wrentham, unless, by the act incorporating Franklin, it has been transferred to the latter town. The act makes no specific provision; and, according to the principle settled in the case of Windham vs. Portland, cited in the argument, none become settled in the newly incorporated town, ex vigore statuti, but those who were within its limits, or had their home there, when the act passed, unless there were some provision upon the subject in the act.
The pauper, in the case at bar, was not a member of his father’s family when this act of incorporation passed; he was upwards of twenty-one years of age; and he was absent at the time, and had been absent several years before the incorporation. He did not, therefore, gain a settlement in Franklin by virtue of its incorporation.
* It is contended, however, that, as there was an agreement, at the time of the division of the town, that such paupers as should become chargeable should be supported by the town within whose limits they had their settlement, which agreement was sanctioned by the legislature, —-and as the pauper had his settlement in the part which has become Franklin, — this is to be considered as the town of his lawful settlement.
But the agreement of the two towns cannot alter the law, and the legislative provision merely sanctions that agreement — the only-legal effect of which is, to oblige Franklin to reimburse Wrentham, *237 in case the latter is called upon to pay other towns for the support of paupers legally chargeable to Wrentham, but for which Franklin is liable by the agreement.. This decision is in conformity to the case of Brewster vs. Harwich, cited in the argument, (a)

Costs for the defendants.

 Fitzburgh vs. Westminster, 1 Pick. 144.— West Boylston vs. Boylston post, 261. — Shrewsbury vs. Boylston, 1 Pick. 105.